**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SHANE SCHMUTTE,**

      **Petitioner,**

**v.**                                       **Civil Action No.: 3:19-CV-116
(GROH)**

**WARDEN R. HUDGINS,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 15, 2019, Shane Schmutte, an inmate at Gilmer FCI, acting *pro se*, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Following the issuance of a notice of deficient pleading, Petitioner filed an amended petition on the Court-approved form on March 31, 2020.  ECF No. 14.  The petitioner, who is a federal inmate currently housed at McKean FCI, is challenging the validity of his conviction and sentence from the Southern District of Indiana where he entered a guilty plea to being a felon in possession of a firearm.  Because he had at least three prior convictions for violent felonies under the Armed Career Criminal Act (ACCA), Petitioner was sentenced to the mandatory minimum of fifteen years in prison.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

---

[1]  All CM/ECF references refer to the instant action, 3:19-CV-116, unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence in the Southern District of Indiana[2]

On September 9, 2014, a grand jury charged Petitioner with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in case number 1:14-CR-177, in the Southern District of Indiana.  ECF No. 4.

On September 9, 2015, the parties filed a "Stipulated Basis in Fact" which provided:

> 1.     On August 5, 2014, Shane Schmutte possessed a firearm, to wit: a Glock 23 .40 caliber handgun, which was capable of expelling a projectile by action of an explosive.
>
> 2.     The firearm Shane Schmutte possessed was not manufactured in the State of Indiana and had therefore traveled in interstate commerce prior to his possession of it on August 5, 2014.
>
> 3.     Prior to Shane Schmutte's possession of the firearm on August 5, 2014, Shane Schmutte had been convicted of the following felony offenses:
>
> > Burglary, a Class B felony, Cause Number 49-G02-0212-FB-294871, in Marion County, Indiana, on or about June 18, 2003. (Also convicted of Carrying a Handgun Without a License, a misdemeanor and Theft, a felony under same cause number);
> >
> > Three counts of Robbery, a Class C felony, Cause Number 49-G05-0702-FC-031878, in Marion County, Indiana, convicted on or about March 28, 2008 [; and]
> >
> > Robbery, a Class C felony, Cause Number 49-G05-0703-FC-046884, in Marion County, Indiana, convicted on or about April 30, 2008.
>
> 4.     Shane Schmutte possessed the firearm in Marion County, Indiana, within the Southern District of Indiana.

---

[2] All CM/ECF references in facts sections II.A., and II.B. refer to entries in the docket of Criminal Action No. 1:14-CR-177, in the Southern District of Indiana.

2

ECF No. 43.   The government filed a sentencing memorandum which argued that Petitioner "qualifie[d] as an armed career criminal and should be sentenced accordingly." ECF Nos. 49 at 5, 69 at 14:14 – 17:22.   Petitioner entered his plea of guilty and was sentenced on May 4, 2016, to 180 months of incarceration.[3]  ECF Nos. 58, 69 at 17:10 – 18:8; 69 at 56:5 – 11.

### B.     Direct Appeal

Petitioner filed a notice of appeal of his conviction and sentence on May 17, 2016.   ECF No. 60.   By opinion issued January 23, 2018, the Court of Appeals for the Seventh Circuit affirmed the judgment of the district court.   United States v. Schmutte, 709 Fed. Appx. 375 (7th Cir. 2018).   As summarized by the Seventh Circuit, "[t]he issue in this appeal is whether Schmutte's prior Indiana conviction for Class B burglary should count as a violent felony under the [Armed Career Criminal] Act."  709 Id. at 376.   The Seventh Circuit reasoned that "[w]e recently held that a conviction for Indiana Class B burglary is categorically a violent felony for purposed of the Armed Career Criminal Act."  Id., (citing United States v. Foster, 877 F.3d 343 (7th Cir. 2017)).

### C.     Motion to Vacate in Civil Action 1:19-CV-201[4]

Petitioner next filed a motion to vacate under 28 U.S.C. § 2255 on January 18, 2019, in a separate civil action in the Southern District of Indiana.   ECF No. 1. Therefore, Petitioner asked the Court to stay his case until the Supreme Court decided Stokeling v. U.S.,[5] and argued that his prior Indiana robbery convictions did not meet

---

[3]  The Guideline range for Petitioner's sentence was 180 to 188 months.  ECF No. 69 at 35:25 – 36:2.

[4]  All CM/ECF references in facts section II.C. refer to entries in the docket of Civil Action No. 1:19-CV-201, in the Southern District of Indiana.

[5]  Stokeling v. U.S., 139 S.Ct. 544 (2019) (holding that Defendant's 1997 Florida robbery conviction

the requirements to qualify as predicate offenses for Armed Career Criminal Act enhancement to his sentence.  Id.

Petitioner filed an amended motion to vacate on February 28, 2019.  ECF No. 3.  Therein, Petitioner asserted that the ruling in Stokeling, invalidated the predicate offenses which were used to enhance his sentence under the Armed Career Criminal Act.  Id. at 1.  The Court denied Petitioner's motion for relief under § 2255 on April 15, 2019, and found that a certificate of appealability should not issue.  ECF No. 4.

### D.     Claims in the Instant § 2241 Petition

Petitioner instituted this action on July 15, 2019, then filed an amended petition on the Court-approved form on March 31, 2020.  ECF Nos. 1, 14.  In his amended petition, Petitioner claims that he is entitled to relief under the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019).  Petitioner claims that the government failed to prove the necessary element that he knowingly possessed a firearm while knowingly being a person prohibited from possession of a firearm.  ECF No. 14 at 5.

Petitioner later filed supplements to his petition on July 10, 2020, and August 27, 2020.  ECF Nos. 17, 19.  In the first supplement, Petitioner asserts that he is still innocent because "the word 'knowingly' never appears in [his] stipulation," but Petitioner concedes that he stipulated that he "possessed a firearm capable of expelling a projective by action of explosion," after being convicted of three felonies.  ECF No. 17.   In his second supplement Petitioner argues that the conduct which he was convicted of committing "has

---

had as an element "the use, attempted use, or threatened use of physical force against the person of another," thereby making that conviction a qualifying ACCA-predicate offense).

been deemed not criminal" by a Seventh Circuit case "Cook."[6]  ECF No. 19.

On July 26, 2021, Petitioner filed a motion for summary judgment which argues that based on the holding in Rehaif, he is now actually innocent of the charges against him.  ECF No. 23 at 2.  Petitioner argues that the Government has conceded[7] that he meets the first and third prongs of the Jones test, and further argues that he meets the second prong.

On October 1, 2021, Petitioner filed a motion to amend his petition for habeas corpus.  ECF No. 24.  In the second amended petition, Petitioner argues that he never admitted to "knowingly" possessing a firearm or "knowingly" being a prohibited person. Id. at 4 – 5.

As to the relief requested from this Court, in the first amended petition, Petitioner requests that the Court "throw out the entire indictment."  ECF No. 14 at 12.  In support of his request, the Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because Rehaif is not a constitutional change and was not decided until after his § 2255 was decided.  Id. at 13.  However, in his second amended petition, Petitioner requests that the Court vacate his sentence, and remand his case for resentencing without the ACCA designation.  ECF No. 24 at 8.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules

---

[6] Petitioner does not further identify the Cook case which he asserts supports his claim.  A Westlaw search for "Cook" reveals more than 1,100 cases decided by the Seventh Circuit which include that term.

[7] The Government has not been ordered to respond to any of Petitioner's allegations and further has not been ordered to respond to Petitioner's motion for summary judgment, and thus has not conceded anything.

of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

 **B.** *Pro Se* **Litigants**

 Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges

---

[8]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Petitioner asserts two grounds for relief: (1) that his conviction is invalid based on the holding of Rehaif; and (2) that his prior convictions which were used to enhance his sentence as an Armed Career Criminal were not proper qualifying offenses.

### A.   Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The

law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section

---

[9]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a.    The date on which the judgment of conviction becomes final;
> b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[10]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-

9

matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Although Petitioner has filed a number of petitions and supplements, he essentially raises a single claim as to his conviction.  He asserts that his conviction is invalid because of the Supreme Court's holding of Rehaif, which required the Government to prove both (1) that defendant knowingly possessed a firearm, and (2) that the defendant knew he was prohibited from possessing a firearm.  Further, Petitioner asserts that he is actually innocent of violating 18 U.S.C. § 922(g) based on the holding of Rehaif.   ECF No. 17.  Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[11]   The crime

---

[11]   The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (June 14, 2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error.  The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically

Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law.  Therefore, Petitioner cannot satisfy the second prong of <u>Jones</u>.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Jones</u>, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider that challenge.

Further, even if Petitioner could meet all three prongs of the <u>Jones</u> test, his claims do not merit relief.  Petitioner argues that in the wake of the Supreme Court's decision in Rehaif, he is actually innocent of his conviction under 18 U.S.C. § 922(g).  Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms.  The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first

---

require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal."  <u>Id.</u> at 2099 (internal citations omitted).

       Further, the Court noted that its "precedents make clear, the omission of a single element from jury instructions is not structural. . . . And it follows that a *Rehaif* error in a plea colloquy is likewise not structural.  The omission of that *mens rea* element from a plea colloquy—like the omission of that *mens rea* element from jury instructions—does not affect the entire framework within which the proceeding occurs."  <u>Id.</u> at 2100.

       The Court found Gary, who was convicted of being a felon in possession of a firearm based upon his plea to that offense, "admitted that he was a felon when he pled guilty."  <u>Id.</u> at 2098.  Further, the Court noted that before his felon in possession offense, Gary "had been convicted of multiple felonies.  Those prior convictions are substantial evidence that [he] knew [he was a] felon" and that he never disputed the fact of his prior convictions.  <u>Id.</u> at 2097 – 98.  Schmutte appears almost identically situated to Gary: Schmutte had multiple prior felony convictions, did not dispute those prior convictions and at his plea admitted he knew he was prohibited from possessing firearms.

provision shall be fined or imprisoned for up to ten years." Rehaif, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g).   In Rehaif, the Supreme Court held that the "the word knowingly applies both to the defendant's conduct and to the defendant's status.   To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  Rehaif, 139 S.Ct. at 2194.  Petitioner argues that Rehaif renders his conviction invalid because the Government did not prove that he knowingly possessed a firearm and knowingly was prohibited from doing so.  ECF No. 14 at 5.

However, at the combined plea and sentencing hearings, Petitioner pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e).  During his plea colloquy, Petitioner stated that, "Within ten months of the instant offense, I was the victim of two violent crimes.  I overreacted and armed myself.  I know I'm not allowed to possess a weapon."  ECF No. 69 at 37:25 – 38:3.  Petitioner's admission included that both: (1) that he knowingly and purposefully armed himself based on his fear from being victimized in prior violent crimes; and (2) that he knew he was prohibited from possessing firearms.  Further, in the Seventh Circuit, "pre-Rehaif convictions based on guilty pleas" have been affirmed.  United States v. Maez, 960 F.3d 949, 953 (7th Cir. 2020), *cert. denied sub nom.* Battiste v. United States, 141 S. Ct. 2813 (2021), and *cert. denied*, 141 S. Ct. 2814 (2021), and *cert. denied sub nom*. Jones v. United States, 141 S. Ct. 2838 (2021).

The Fourth Circuit has recognized that, "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74–75 (1977); Little v. Allsbrook, 731

F.2d 238, 239–40 n. 2 (4th Cir.1984).   The Fourth Circuit has further addressed the reliability of a person's statements made during a plea colloquy in <u>United States v. Lemaster</u>, 403 F.3d 216, 221 – 222 (4th Cir. 2005) (internal citations omitted):

> [A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,' ", because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.  "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.' " …. Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated- "permit[ting] quick disposition of baseless collateral attacks."

Petitioner made solemn declarations in open court that he knew he had a firearm and knew that he was prohibited from possessing that weapon.   The truth of his sworn statement is thus conclusively established.  Further, the Seventh Circuit, where Petitioner was convicted, has repeatedly upheld challenges to convictions on Rehaif grounds where the convictions were obtained through guilty pleas.  Accordingly, even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

B.    **Petitioner's Challenge to his Sentence**

Petitioner's request for relief as to his sentence under § 2241 is unavailable.  Even if Petitioner meets the other prongs of <u>Wheeler</u>, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.  Being a prohibited person in possession of a firearm

13

remains a federal criminal offense under 18 U.S.C. § 922(g). [12]  Accordingly, Petitioner cannot meet the second prong of the <u>Wheeler</u> test.  However, a Petitioner who challenges his sentence in a § 2241, must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear any challenge on the merits.  Because Petitioner cannot meet the second prong of the <u>Wheeler</u> test, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the other prongs of <u>Wheeler</u>. Further, the Court notes that Petitioner has already sought and been denied relief under § 2255, in the Southern District of Indiana, case 1:19-CV-201.[13]

Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition as to his challenge to his sentence.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999)

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the amended petition **[ECF No. 14]** and second amended petition **[ECF No. 24-1]** be **DENIED** and

---

[12]  The Court further notes that Petitioner cannot satisfy the second <u>Wheeler</u> prong because the case he relies on, <u>Rehaif</u>, has not been ruled to apply retroactively to cases on collateral review.  Since the Supreme Court's decision in <u>Rehaif</u>, several courts within the Fourth Circuit have held that <u>Rehaif</u> did not change substantive law because the conduct for which the petitioner was convicted is still illegal.  <u>Hill v. Warden, FCI McDowell</u>, 2021 WL 4443068 (S.D.W.Va. September 28, 2021); <u>Davis v. Streeval</u>, 2021 WL 4432514 (W.D.Va. September 27, 2021); <u>Seller v. Dobbs</u>, 2021 WL 4059733 (D.S.C. September 7, 2021); <u>Goldwire v. Warden</u>, 2021 WL 4026072 (D.S.C. September 3, 2021); <u>Albritton v. Warden</u>, 2021 3432845 (E.D. VA. August 4, 2021); <u>See also</u> <u>Williams v. U.S.</u>, 2019 WL 6499577 (W.D.N.C. December 3, 2019) (holding that Rehaif "did not announce a new rule of Constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g).")

[13]  The Court again notes that in his § 2255 case Petitioner previously raised the issue of his Armed Career Criminal designation and was denied relief on that ground.

**DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Court further **RECOMMENDS** that the motion to amend [ECF No. 24] be denied, and that Petitioner's motion for summary judgment [ECF No. 23] be **TERMINATED as MOOT**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

**DATED**:       October 19, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE