IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

SHANE SCHMUTTE,

    Petitioner,

v.                                                          CIVIL ACTION NO.: 3:19-CV-116
                                                         (GROH)

WARDEN R. HUDGINS,

    Respondent.

**ORDER OVERRULING OBJECTIONS**
**AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. Magistrate Judge Trumble issued his R&R on October 19, 2021. ECF No. 26. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 Petition and dismiss the same without prejudice. The Petitioner timely filed objections to the R&R on November 8, 2021. ECF No. 28. Accordingly, the Petition is ripe for review.

I.     BACKGROUND

On May 4, 2016, Shane Schmutte ("Petitioner") was sentenced to 180 months of incarceration after pleading guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in the Southern District of Indiana.[1] The Petitioner instituted the instant action pursuant to 28 U.S.C. § 2241 on July

---

[1] The Petitioner received a sentencing enhancement under the Armed Career Criminal Act based upon

15, 2019.  ECF No. 1.  The Petitioner filed an amended petition on the Court-approved form on March 31, 2020.  ECF No. 14.  In his amended petition, the Petitioner claims that, after the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), he is actually innocent of committing a crime.  In terms of relief, the Petitioner requests that the Court "throw out the entire indictment." ECF No. 14 at 12.

The Petitioner subsequently filed two supplements to his amended petition.  ECF Nos. 17, 19.  In the first supplement, the Petitioner argues that he is innocent because "the word 'knowingly' never appears" in the sentencing transcript or fact stipulation memo.  ECF No. 17 at 1.  In his second supplement, the Petitioner claims that the conduct that he was convicted of "has been deemed not criminal" by the Seventh Circuit.  ECF No. 19 at 1.

On July 26, 2021, the Petitioner filed a motion for summary judgment, arguing that he is actually innocent of the charges against him due to the holding in Rehaif.  ECF No. 23.  The Petitioner filed a second motion for summary judgment after the Report and Recommendation was entered, repeating his argument that he is actually innocent.  ECF No. 29.

On October 1, 2021, the Petitioner filed a motion to amend his petition for habeas corpus.  ECF No. 24.  In the second amended petition, the Petitioner argues that he never admitted to "knowingly" possessing a firearm or "knowingly" being a prohibited person. ECF No. 24 at 4-5. Throughout the Petitioner's frequent filings, he repeats the same argument: because the word knowingly was not used in his proceedings, he cannot be found guilty of a crime.

---

three prior felonies.  ECF No. 69 in 1:14-cr-00177-SEB-MJD-1.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an

objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented three new arguments in his objections to the magistrate judge's R&R. The majority of the Petitioner's objections, like his filings, repeat the argument that due to the lack of the use of the word "knowingly" during the Petitioner's underlying proceedings, the Petitioner is actually innocent of committing any crime. The Petitioner's most substantial new argument objects to the magistrate judge's finding that he cannot satisfy all three

4

prongs of the test articulated in In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). However, to support this objection, the Petitioner again relies on the argument that he is actually innocent of committing a crime because the Government, at the time, was not required to prove that he knowingly possessed a firearm and that he knew he was prohibited from doing so.

Next, the Petitioner also takes issue with the magistrate judge citing to Greer v. United States, 141 S.Ct. 2090 (2021) because the case did not involve a Jones analysis, but instead was adjudicated according to a plain error standard. The Petitioner insists that his petition should be analyzed under Seventh Circuit precedent, specifically United States v. Cook, 970 F.3d 866 (7th Cir. 2020).

Lastly, the Petitioner objects to the magistrate judge's reliance on certain statements he made at his sentencing hearing. Specifically, the Petitioner takes issue with the magistrate judge's interpretation of the following statement: "I know I'm not allowed to possess a weapon." ECF No. 28 at 9. The Petitioner argues that his statement was ambiguous with several connotations and cannot be construed to reflect that he knew he was not allowed to possess a firearm. This Court will address each objection in turn.

### A. Petitioner's Objection to the Magistrate Judge's Finding that he Cannot Satisfy the Jones Standard

When a petitioner challenges the legality of his conviction, as the Petitioner does here, the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241. However, a "savings clause" exists in § 2255, which allows a prisoner to challenge the validity of his conviction or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  The burden of proving inadequacy or ineffectiveness rests on the petitioner, and it is a heavy one.  Under Jones, when a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34.

The magistrate judge correctly found that "even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong." ECF No. 26 at 10. The Petitioner was convicted of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g), which remains a crime at the time of this Order.  Therefore, the Petitioner cannot satisfy the second prong of the Jones test.

The Petitioner objects to this finding and argues that he can meet all the prongs of Jones test.  As it pertains to the second prong, the Petitioner states that he was convicted of the following conduct: "I, possessed a firearm, that traveled in commerce, after being

6

convicted of a felony, within a federal jurisdiction." ECF No. 28 at 3. The Petitioner argues that post-Rehaif, this conduct is simply not criminal. This is the same argument that the Petitioner has presented in his petitions, amendments, and supplements. The magistrate judge found, and this Court agrees, that the crime the Petitioner was convicted of committing – being a prohibited person in possession of a firearm – is still a crime.[2] Accordingly, the Petitioner's objection that he can satisfy the second condition of Jones, because the conduct that he was convicted of is no longer criminal, is **OVERRULED**.

### B. Petitioner's Objection to the Magistrate Judge's Reliance on Greer and Request for Review Under Seventh Circuit Precedent

The Petitioner also objects to the magistrate judge's citation of Greer because the case did not involve a Jones analysis. However, the Petitioner and Gary are indeed factually similarly situated.[3] Gary pled guilty to being a felon in possession of a firearm, as did the Petitioner here. The district court, during Gary's plea colloquy, did not inform him that the Government would have to prove to the jury that he knew he was a felon when he possessed firearms, which, as the Petitioner has repeatedly highlighted, neither did the Southern District of Indiana. Gary had multiple prior felony convictions, as does the Petitioner. Lastly, Gary admitted to being a felon and the Petitioner stipulated to his prior felony convictions. Therefore, this Court finds that the magistrate judge was correct in

---

[2] The Petitioner pled guilty to one count of being a prohibited person in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). The relevant portion of § 922(g) still reads
    It shall be unlawful for any person—
        (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g).
[3] Prior to Rehaif, Gregory Greer and Michael Gary were separately convicted of being felons in possession of a firearm in violation of §922(g)(1). The Supreme Court consolidated its opinion in Greer to address both cases, vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020).

7

finding that the Petitioner was almost identically situated to Gary and properly relied on the precedent set in Greer.[4]

The Petitioner also argues that the legality of his conduct should be analyzed under the laws of the circuit where he was convicted, which here is the Seventh Circuit. The magistrate judge noted in the R&R that "in the Seventh Circuit, pre-Rehaif convictions based on guilty pleas have been affirmed" and provided a citation to United States v. Maez, 960 F.3d 949, 953 (7th Cir. 2020), *cert. denied sub nom.* Battiste v. United States, 141 S.Ct. 2813 (2021), *and cert. denied*, 141 S. Ct. 2814 (2021), *and cert. denied sub nom.* Jones v. United States, 141 S. Ct. 2838 (2021). ECF No. 26 at 12. The Petitioner briefly objected to these Seventh Circuit cases, only by identifying that they were adjudicated under a plain error standard and not a Jones standard. Nonetheless, the Petitioner went on to cite United States v. Cook as supporting case law for his argument, which is also a plain error case.

In Cook, the Seventh Circuit held that the district court's failure to inform the jury that it must find that the defendant knew he was an unlawful user of a controlled substance was plain error that warranted a new trial. Cook, 970 F.3d at 885-86. However, the Seventh Circuit also explained that "failure to instruct clearly on the elements of the offense is not always plain error" and that there are exceptions. Id. at 882. Failure to instruct might not be plain error when "the jury necessarily found facts that were the functional equivalent of the omitted element of the offense ... or where the evidence was so strong or

---

[4] As cited in the R&R, the Supreme Court explained that its "precedents make clear, the omission of a single element from jury instructions is not structural." Greer, 141 S.Ct. at 2100. Furthermore, "a Rehaif error in a plea colloquy is likewise not structural. The omission of that mens rea element from a plea colloquy—like the omission of that mens rea element from jury instructions—does not affect the entire framework within which the proceeding occurs." Id.

8

the defense so implausible as to leave no doubt that the jury would have convicted the defendant if properly advised as to the essential element." Id. (citations omitted).

Notably, as an example of this exception, the Seventh Circuit cited to United States v. Williams, 946 F.3d 968, 974 (7th Cir. 2020), a case which collected "section 922(g)(1) felon-in-possession decisions finding no reasonable probability of a different result post-Rehaif, where defendants had served substantial prison terms for prior felony convictions and thus could not plausibly contend they did not know they held status of felons at time they possessed firearms." Cook, 970 F.3d at 882. Here, the Petitioner did not go to trial, but instead pled guilty. The Petitioner stipulated that he had three prior felony convictions. ECF No. 1-3. During the hearing, the Petitioner affirmatively stated that the facts presented in the stipulation were true. ECF No. 69 at 14:14 – 18:8 in 1:14-cr-00177-SEB-MJD-1. Later, during his plea colloquy, the Petitioner stated, "I know I'm not allowed to possess a weapon." ECF No. 69 at 37:25 – 38:3 in 1:14-cr-00177-SEB-MJD-1. The Petitioner's case falls squarely in the exception described by the Seventh Circuit in Cook. Thus, the Petitioner's reliance on Cook as support for his objection is misguided.

The Petitioner cited to another plain error Seventh Circuit case, United States v. Sprenger, 14 F.4th 785 (7th Cir. 2021). In Sprenger, the Seventh Circuit vacated the defendant's plea after finding that the defendant's material did not meet the recently clarified definition for child pornography. However, here, as noted above, the Petitioner's conduct remains criminal. The Court in Rehaif did not redefine the standards for felon status, possession, firearms or ammunition. Further pre-Rehaif convictions based on guilty pleas have been affirmed in the Seventh Circuit. Maez, 960 F.3d at 953; United States v. Ballard, 950 F.3d 434, 436 n.1 (7th Cir. 2020); United States v. Dowthard, 948

9

F.3d 814, 818 (7th Cir. 2020); Williams, 946 F.3d at 975.  Accordingly, the Petitioner's objection that the precedent set in Cook or Sprenger makes him actually innocent of committing a crime is **OVERRULED**.

### C. Petitioner's Objection to the Magistrate Judge's Reliance on His Statements from the Underlying Sentencing Hearing

During his plea colloquy, the Petitioner stated, "I know I'm not allowed to possess a weapon." ECF No. 69 at 37:25 – 38:3 in 1:14-cr-00177-SEB-MJD-1. The Petitioner argues that it was error for the magistrate judge to reference this statement as it was ambiguous and subject to multiple connotations.  For example, the Petitioner claims that it could refer the fact that Indiana is not an open carry state and he knew he needed a license to carry, which he did not have.

As explained by the magistrate judge in the R&R, the Fourth Circuit has recognized that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74–75 (1977); Little v. Allsbrook, 731 F.2d 238, 239–40 n.2 (4th Cir.1984)).  "'[A] defendant's solemn declarations in open court affirming [a plea] agreement ... carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting Blackledge, 431 U.S. at 74). Furthermore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222.

This Court does not find the Petitioner's alternate explanation as clear and convincing evidence to the contrary. The Petitioner made this statement after a substantial discussion of his criminal history and the corresponding sentencing enhancement under the ACCA. ECF No. 69 at 23:20 – 38:10 in 1:14-cr-177-SEB-MJD. There was no mentioning of licenses at any point during the hearing. Further, under both federal and Indiana state law, persons convicted of a felony are not permitted to carry a firearm, and it is likely that the Petitioner knew his status would prohibit him from obtaining a license to carry. 18 U.S.C. 922(g); Ind. Code § 35-47-4-5.

Moreover, the magistrate judge's reliance on this statement was proffered only to show that even if the Petitioner could satisfy the <u>Jones</u> test, his claims do not merit relief. Because this Court similarly finds that the Petitioner cannot meet the threshold test in <u>Jones</u>, further parsing of the Petitioner's choice of words is not warranted. Accordingly, the Petitioner's objection arguing that the reference to his statements made at his sentencing hearing were improper is **OVERRULED**.

Ultimately, because Petitioner has failed to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and thus he cannot meet the savings clause. Because the Petitioner cannot satisfy the savings clause of section 2255(e) under <u>Jones</u>, this challenge to his conviction may not be considered under section 2241, and this Court is without jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis, and it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF

No. 26] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly, the Petitioner's Amended Petition [ECF No. 14] and Second Amended Petition [ECF No. 24-1] are **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.** The Petitioner's Motion to Amend [ECF No. 24] and Motions for Summary Judgment [ECF Nos. 23, 29] are **TERMINATED AS MOOT.**

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: January 20, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE